IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

August 07, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

| | | |
|---|---|---|
| SHANE DAREON POLLARD, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:26-cv-00330 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| WARDEN ISRAEL HAMILTON, | ) | |
| *et al.*, | ) | By:    Hon. Thomas T. Cullen |
| | ) |         United States District Judge |
| Defendants. | ) | |

Plaintiff Shane Dareon Pollard, proceeding *pro se*, filed this action under 42 U.S.C. § 1983 against various employees of the Virginia Department of Corrections. (*See* ECF No. 1.) Pending before the court is Plaintiff's motion for a preliminary injunction and temporary restraining order ("TRO"). (ECF No. 8.) For the following reasons, the motion will be denied.

Federal Rule of Civil Procedure 65 permits district courts to issue TROs and preliminary injunctions. But such remedies are "extraordinary and drastic" and are "never . . . awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008) (internal quotation marks omitted). To obtain a preliminary injunction or TRO, Plaintiff must clearly show that: (1) he is "likely to succeed on the merits" of his claims; (2) he is "likely to suffer irreparable harm absent preliminary relief"; (3) "the balance of the equities favors relief"; and (4) "the relief is in the public interest." *Leaders of a Beautiful Struggle v. Baltimore Police Dep't*, 2 F.4th 330, 339 (4th Cir. 2021) (citing *In re Search Warrant Issued June 13, 2019*, 942 F.3d 159, 170–71 (4th Cir. 2019)). "[E]*ach* of these four factors must be satisfied to obtain preliminary injunctive relief." *Henderson for Nat'l Lab. Rels. Bd. v. Bluefield Hosp. Co., LLC*, 902 F.3d 432, 439 (4th Cir. 2018) (emphasis in original). And in the context of state prison administration, "intrusive and far-reaching

federal judicial intervention in the details of prison management is justifiable only where state officials have been afforded the opportunity to correct constitutional infirmities and have abdicated their responsibility to do so." *Taylor v. Freeman*, 34 F.3d 266, 269 (4th Cir. 1994); *see also Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980) ("'[T]he decisions made by prison administrators in their informed discretion have been accorded wide-ranging deference by the federal courts.") (internal quotations omitted).

In his motion, Plaintiff claims that he has been housed in administrative segregation without a hearing since October 31, 2025. (*See* ECF No. 8 at 1.) Plaintiff relatedly claims that he is being punished without due process. (*See id.*) But Plaintiff has not made a clear showing that he is likely to succeed on the merits of his claims. And apart from a conclusory allegation that he will "suffer serious and irreparable damage to his constitutional rights" absent his requested relief (*id.* at 3), Plaintiff proffers inadequate facts to support such an allegation. Moreover, Plaintiff has proffered no facts to show the balance of equities favors an injunction or that injunctive relief is in the public interest. Accordingly, he has not shown that he is entitled to a preliminary injunction or TRO against Defendants, and his motion seeking such relief will be denied.

The clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to Plaintiff.

**ENTERED** this 7th day of August, 2026.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE